OPINION of the Court, by
Judge Logan.'
This *s a suh un‘^er conflicting claims to land, in which trie appellees, who were the complainants below, derive their right under a claim in the name of John Larue, soaie as heirs, and others as purchasers from the re- . . . . ' T 1 HlEliniílí^ IlClPS Ot XjftPtlC.
The first question proper to be noticed in this cause, ¡s wati¡; 0f necessary parties. George Helm and his wife, who is one of the heirs of Larue, and Squire Larue, another of the heirs, are not parties : but by an instrument of writing, purporting to be a deed of conveyance, they seem to have intended to pass the whole of their interest to some of the complainants. It is objected, however, that the right of Mrs. Helm did not Pass f°r want of the necessary acknowledgment.
In 1806-7, she, with her husband, executed deeds, which were acknowledged in conformity to the requisitions of the act of 1792, concerning the relinquishment of dower.
By the act of 1796, regulating conveyances, which is partly copied from the Virginia act of 1748, in order to pass from a feme covert the fee simple estate, it was necessary that she should appear in court and be there examined touching her free and voluntary consent; or before two justices of the peace empowered by a commission issued by the clerk of the court wherein the deed ought to be recorded, where she resides in a different county.
The land intended in the present instance to be conveyed, does not lie in the county in which the feme resided. We are aware of no law, changing the provisions of this, prior to the execution of those deeds ; so that the consequence is, that inasmuch as the fee simple, or absolute property in land, can only pass by a compliance with the requisitions of the act in relation to that *493 subject, that that interest, still remains in thefeme. And as at some future day she might, notwithstanding the writing signed by her, assert her right in this land; and as all interested should'be parties in the suit, for the purpose, of having a final determination upon the claim of Larue, it follows, therefore, that Mrs. Helm ougattohave been made a party in the suit; but especially as it is a settled rule that coparceners must unite in the prosecution of a suit for the recovery of their right.
The decree of the court below must, therefore, be reversed with costs, and the cause remanded, with leave for the complainants to amend their bill, by making Mrs. Heim a party.