SMITH
vs
WHITE, &c.

What demurrer admits.

---

EJECTMENT.

Case 6.

October 13.

Case stated.

## Smith *vs* White &c.

ERROR TO THE EDMONDSON CIRCUIT.

*Conveyances.    Husband and Wife.    Discontinuance.
Award.    Construction.*

JUDGE MARSHALL delivered the Opinion of the Court.

THIS action of ejectment was brought by Jane Smith, after the death of her second husband, William Smith,

to recover a tract of land, known as the Dripping Spring tract, which had been allotted to her as her dower in a larger tract, part of the estate of her first husband, David Maxwell, and of which she and her second husband had been in possession.

The case was submitted to the Judge on an agreement of facts, and judgment having been rendered against the plaintiff, she seeks a reversal of it by this Court.

The only question to be decided by this Court, is whether by certain deeds presented by the defendants and made a part of the agreed case, the plaintiff has been divested of her title as dowress of Maxwell in the land in controversy. To show that she had been so divested, two deeds purporting to be executed by William Smith and Jane his wife, the present plaintiff, are produced, and also the record of a suit in chancery, brought by said Smith against Archibald Miller, as trustee of Smith and wife, under one of the two deeds above mentioned, in the progress of which Jane Smith was made a defendant, together with her husband, to a cross bill filed by Miller, and which terminated in an award upon the submission of Smith and Miller alone, which according to the terms of submission, was made the decree of the Court. Under this decree a commissioner's sale and deed were made affecting the dower interest—which is the third deed relied on— and subsequently, an execution issued on the same decree against William and Jane Smith, under which there was a sale and conveyance, by the sheriff, of the entire dower interest.

The Circuit Judge was of opinion that the interest of the plaintiff, after her husband's death, was unaffected by any of these deeds except the last, but that it was divested by the sheriff's sale and deed. As however each of these deeds has been relied on by the counsel of the defendants in this Court, each will be noticed in the order above stated.

The question made in argument as to the power of the husband of a dowress to convey the dower land by his own deed, without her cooperation, so as to be effectual against her, after his death, however it might have stood at the common law, seems to be effectually answered by

Vol. I. 3

SMITH
vs
WHITE, &c.

Deeds relied on by defendants.

Opinion of the Circuit Court on the case.

A conveyance of land by 2nd husband obtained by the wife as dower in 1st. husbands estate, is not a discontinuance of her estate.

the fifth section of the act of 1798, concerning the right of entry, wrongful alienations, &c. which is taken from a similar act of Henry the 8th. It is enacted by that section, that the conveyance by the husband only during the coverture, of lands, &c. the inheritance *or freehold* of the wife, shall not make any discontinuance thereof or be prejudicial to the wife or her heirs, &c. but she or they may lawfully enter, &c. according to their titles, notwithstanding such conveyance. The interest of the dowress in land allotted to her for her dower, being unquestionably a freehold, comes directly within this provision, and her right of entry, after the death of her husband, is expressly saved.

The same mode of executing a deed is required to convey wife's life estate in lands, as to pass her estate in fee--

It may be added, in answer to a further suggestion made in the argument, that under our statutes a greater interest in land than an estate for five years, can only be conveyed from one to another by deed; and it is on an undoubted principle, as by the 7th and 8th sections of the act of 1748, Stat. Law, 431, it is declared that a *feme covert* shall not be bound by her deed, but upon privy examination recorded, which privy examination can only be effectual when made and certified according to law. The mode of acknowledgment and privy examination in such a case is in fact the same as it would be in a conveyance by the *feme covert* of any other life estate, and there is no difference between her conveyance of a life estate and a fee simple as to the mode of acknowledgment and authentication.

In such case, proof by subscribing witnesses of her acknowledgment of the deed is ineffectual.

These preliminary points being settled, it is only necessary to state, with regard to the deed purporting to convey the entire dower interest in the land in contest to A. Miller, in trust for Smith and wife, that there was no privy examination of the wife, the only proof of the execution of the deed by her being the oath of two witnesses made before the clerk of the county court, testifying that she had acknowledged the deed in their presence. This deed is obviously ineffectual except during the life of Smith.

Objections to deeds, certified by justices of the peace.

The second deed purports also to convey the entire dower interest, and to be executed by Smith and wife: but the certificate of privy examination is made by two justices of the peace for the county in which the land was

situated, and in which the parties resided, and there being no commission empowering these justices to take the acknowledgment and privy examination of the wife, it is objected that they had no authority to do so, and that their certificate is therefore wholly ineffectual to sustain the deed. It is also objected, that if the justices had authority, the matter certified by them is insufficient.

Upon examination of the statutes, it appears that at the date of this deed, in 1828, three statutes were in force, relating to the acknowledgment of deeds by *femes covert*, before two justices. The act of 1785, that of 1792, and that of 1796. The act of 1785, Stat. Law, 433, requires that the justices should be empowered, by commission from the court of the county in which the land is situated, and it was decided in the case of *Phillips and wife* vs *Green*, 3 *Marshall*, 12, that without such commission the deed cannot be so authenticated by the justices as to pass the estate of the *feme*. The act of 1792, Stat. Law, 434, authorizes two justices to take the acknowledgment, &c. without requiring a commission, but it applies only to the case where the grantor resides in a different county from that in which the land conveyed is situated; and it moreover requires the deed to be *subscribed* as well as acknowledged in presence of the justices—a compliance with this requisition has been decided to be essential to the validity of the deed, (*Hyne's representatives* vs *Campbell*, 6 *Monroe*, 289,) and it does not appear to have been pursued in the present case.

The act of 1796, like that of 1785, requires that the justices shall be empowered by commission, and it has been decided, that under that act, a *feme covert* could not effectually pass her estate by acknowledgment and privy examination before two justices, unless they were so empowered. *Stansbury* vs *Pope*, 4 *Bibb*, 492. *Still* vs *Swan, Litt. Selected Cases,* 156.

From this review of the statutes, it appears that the deed in question is not properly executed and authenticated under the act of 1792; because if that act is applicable to the case, the deed was not *subscribed* before the justice, nor under the act of 1785, or of 1796, for the want of a commission to the justices; and as we are

Two justices may take acknowledgment of deeds and privy examination without a commission, only where the grantor resides in a different county from the land; and *then* they must certify that it was *subscribed* as well as acknowledged in their presence.

not aware of any other statute applicable to the case, by which the commission is dispensed with, we are brought to the conclusion, that the deed was not so executed and authenticated as to divest the dowress of her remaining interest after the death of her husband, Smith.

Commissioner's deed, purporting to be on behalf of husband only, & according to the decree.

3. The commissioner's deed is doubtless effectual according to its form and import, so far as is authorized by the proceedings and decree on which it is founded; but it is made for, and in the name of Smith alone, and does not purport to be made by or for the wife, or to pass any interest of hers, distinct from that of her husband. It commences as a deed made between William Smith, by A. W. G., commissioner of the one part, and the grantee of the other part; it concludes, "In witness whereof, the said William Smith, by said A. W. G., commissioner, doth hereunto set his hand, &c." and it is signed "William Smith, by A. W. G., commissioner." There is nothing in it intimating either authority or intention on the part of the commissioner to act for Jane Smith, and we think that by its form and tenor it should be understood as intending and operating to convey only the interest which William Smith had in the dower estate, and not the distinct interest of his wife. We are further of the opinion that if in any case the operation of a deed made by commissioner may, by reference to his authority, be enlarged beyond what its own form and tenor would import, there is no foundation for such enlargement in the award and decree under which the deed now in question was made. The grounds of this opinion will appear in the view which, in considering the effect of the remaining deed relied on by the defendants, we shall necessarily take of the award and decree under which the commissioner acted.

Sheriff's deed according to his sale by execution on the decree but not authorized by it.

4. The last deed relied on by the defendants as divesting the plaintiff of her title, was made by the sheriff in consummation of his sale of the entire dower interest of Smith and wife in the land in contest, in virtue of an execution which issued against them upon the award which became the decree of the Court.

Decree on an award and in its words; should be

The efficacy of this deed depends on the question whether the decree authorized such an execution to issue and

to be levied on any separate estate or interest of Jane Smith, and this question is to be determined by a fair construction of the award as such. For although it became the decree of the Court, it became so as the award of the arbitrators, and by the will of the parties to the submission; and although by becoming the decree of the Court it acquired greater force and efficacy in regard to its execution, it did not thereby acquire any more enlarged or different meaning than it had as an award merely, and as, notwithstanding it became the decree of the Court, it is still the language of the arbitrators, it should not be subject to the precise rules which might govern the construction of a strictly judicial decree, but should be construed as an award. A regard to the nature of the proceeding, by submission and award, which has for its basis the will of the parties and not the opinion of the Court, seems to require an adherence to these principles.

With these preliminary observations we proceed to state the substance of the award. After setting forth the subject before them as being the matters involved in a suit in which Smith is complainant and Miller defendant, submitted to them by agreement of the parties, the arbitrators award that Miller be discharged from the further management of the trust, and that John Dunn be appointed &c. They then further award that Smith and wife (the latter being no where else named or referred to,) pay to Miller a designated sum of money without interest, &c. "for moneys laid out and expended by him, and for his trouble and expense in the management of said trust estate, and that he *has and shall retain* a lien upon said land purchased by him at the sheriff's sale, and upon Ned, to satisfy said sum with interest, &c. and that A. W. G., is hereby appointed commissioner to make sale," &c. And after regulating minutely, the terms and manner of the sale and the effect of the bond to be taken, they further award that Dunn shall have power, as trustee, over the trust estate not sold to satisfy said sum, and further award " that execution may be taken out by said Miller on this award, to coerce the payment of his said demand, to be levied on any estate of said Smith, not embraced in said deeds of trust," and awarding that the parties pay equal

SMITH
*vs*
WHITE, &c.

construed as the award sho'd have been understood —and not by the precise rules applied to sentences framed by the court in its own language.

Absence of wife' name on the order of submission of a suit against herself and husband, neither she nor her property having been bound for the demand, special provision of the award to enforce the payment of the money out of husbands estate, show that the award which *literally* includes her, does not.

It seems that who of the parties that united in the submission, the consideration of the sum awarded who, and whose estate had been bound for it, provision in the award to enforce the payment may show it was not against one embraced by its letter.

portions of the cost; they further award that the sales of Ned and the dower land, made to Miller, under execution, be rescinded and set aside.

The first observation to be made on this award is that Jane Smith was no party to the submission and is not referred to, by the arbitrators, as a party before them; these facts create a presumption that the arbitrators did not intend to impose upon her any liability which might effect her individual estate. And however slight this presumption may be, it is entitled to some weight in construing the award.

It is next to be observed that the sum awarded to Miller is for money laid out, and for trouble and expense in managing the trust estate; in which estate Smith and wife were the joint *cestui que trusts*. Now the trust estate, so far as the land was concerned, was confined as already shown, to the interest of Smith in his wife's dower; and as the demand awarded to Miller, the trustee who was displaced, arose out of his management of the trust estate, over which his controll was to cease, the arbitrators seem to have thought it just that he should be reimbursed out of that estate. But under the deed of trust, Smith and wife were joint beneficiaries, and it may be that the reference to her in the award of payment, may have been intended merely to show the ground of subjecting the entire trust estate, and to show that her joint interest therein was intended to be bound. It does not appear, either on the face of the award or from any thing therein referred to, that any part of the demand awarded to Miller was of such a nature as to be enforced against Mrs. Smith otherwise than through her interest in the trust estate. And although on looking back into the suit, which was determined by the award, it appears that a small balance on an execution against Smith and wife had been levied on Ned, and that Miller purchased him under the sale, it does not appear that this balance constituted any part of the sum awarded to be paid by Smith and wife. And even if this had appeared or could be inferred, the principle of justice arising from this fact would seem to be satisfied by subjecting to the demand Ned himself, who had been purchased under the execution, for greatly more than the bal-

ance due upon it. Every other portion of the demand seems to have been properly enforcible against Smith alone, except so far as the joint interest of Mrs. Smith under the deed of trust was equitably liable.

But to proceed with the award, the next feature of which relates to the lien which it says Miller *has and shall retain* upon the said land purchased at sheriff's sale and upon Ned. The sale here referred to, was made under an execution, not against Mrs. Smith, but against Smith and another, having no interest in the land; and as it is obvious, from the language used, that the award did not intend to give to Miller a greater interest than he before had, we are of opinion that it is to be understood as declaring and enforcing his lien upon that interest in the land which he purchased at the sale, being the interest which Smith could control without the co-operation of his wife, which was the dower interest in the land during the coverture, and on the entire interest in Ned. And this interest in the land is identical with that which was conveyed by the deed of trust. Under this view, the authority of the commissioner, under the award, extended only to the sale of the interest which Smith himself had as husband, and not to the separate interest of the wife.

Thus far the award fixes the sum to be paid to Miller, and having shown that his demand, in part at least, grew out of his connexion with an estate in which Smith and wife had a joint beneficial interest, it declares a lien for the satisfaction of the demand upon that estate and upon Ned, and provides minutely for its enforcement. It then proceeds to award that execution may be taken out on the award, to be levied on any estate of Smith, not embraced in the deeds of trust. It seems to us that this special provision as to the estate on which the execution is to be levied shows, satisfactorily, that it was not intended that it should be levied on any other estate, and that when taken in connexion with the circumstances already commented on, it shows conclusively that the arbitrators did not intend to charge Mrs. Smith with the payment of the sum awarded, any farther than by the subjection of her interest in the trust estate. The submission says the award shall be the final decision and dismissal of the

SMITH
*vs*
WHITE, &c.

suit. The arbitrators have accordingly disposed of the whole subject. They have not only settled the rights and duties of the parties, but they have gone on to prescribe, in detail, the remedies, and as we think, all the reme- dies to be taken for the enforcement of these rights and duties.

One def't before the Court, a- gainst whom the award & decree is rendered, not having united in the submission, may be no objec- tion to a sale of his land by *fi. fa.* on the decree.

Admitting then, that if the award that Smith and wife pay, &c. stood unaccompanied by the subsequent clauses, showing how payment should be made, it might be true that Mrs. Smith, though no party to the submission or award, was bound by the decree to pay, because she was a party to the suit and had been served with process; ad- mitting too, that upon such a decree to pay, an execution might be taken out which could be levied on her individ- ual estate; and conceding that being thus a party to this suit, and therefore bound by the decree, she cannot gain- say its operation according to its true intent. Yet we

Where the award is made the de- cree of the court, its true intent and meaning collect- ed out of the whole case, de- termines the ef- fect of the de- cree.

feel satisfied that according to the true intent and mean- ing of the award, she was not intended to be bound or made responsible farther than to the extent of her joint interest with her husband in the trust estate; and that according to the same intent and meaning, upon a fair construction of the whole award, no other remedy was in- tended to be allowed for the enforcement of the demand awarded, than those expressly provided for; first, by en- forcement of a lien upon the joint interest in the trust es- tate, and on Ned, and then, by execution, against any es- tate of Smith, not included in the trust.

We are are of opinion therefore, that as the award ac- quired no additional force by becoming a decree, except such as was necessary to carry it into execution, accord- ing to its true intent and meaning, as an award, and as the true intent of the award is, also the true intent of the de- cree, there was no authority under the decree for issuing an execution against Mrs. Smith, to be levied on her sep- arate estate, and therefore that the sheriff's sale and deed made under such execution, did not divest her of her title.

Mandate for judg- ment on the case.

Wherefore, the judgment is reversed, and the cause re- manded with directions to render judgment for the plaintiff.

*C. S. Morehead* for plaintiff: *Owsley & J. T. More- head* for defendants.